IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JOANN REESE | § | |
| | § | CIVIL ACTION NO. _____ |
| VS. | § | |
| | § | Judge _____ |
| SILSBEE OAKS HEALTH CARE, L.L.P. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1. Plaintiff, Joanne Reese, is an individual who is a citizen of Texas and a resident of Silsbee, Hardin County, Texas.

2. Defendant, Silsbee Oaks Health Care, L.L.P. is a domestic limited partnership doing business in the State of Texas, and may be served through its registered agent June Gibson, 7150 Gantt Access, Azle, Texas 76020.

### B. Jurisdiction

3. The Court has jurisdiction over the lawsuit because the suit arises under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §623 *et seq.*, including incorporated provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.* The Court has pendent jurisdiction over the state court statutory and common law causes of action because they arise from the same occurrence or transaction or same series of occurrences or transactions.

### C. Venue

4. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this district at defendant's Hardin County business location where plaintiff was employed.

### D.  Exhaustion of Administrative Remedies

5.      Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A.

### E.  Summary of Causes of Action

6.      This is an employment discrimination, harassment, and retaliation case alleging employer violations of state and federal statutory laws and/or administrative regulations, as well as a claim for defamation and libel for the untrue comments about plaintiff made by defendant and its agents during the process of her retaliatory termination and post-employment administrative actions.

### F.  Facts

7.      Plaintiff, who is in her seventies, worked for defendant for approximately nine years as a licensed vocational nurse, with over forty years experience as a licensed vocational nurse.  While working at its Silsbee, Texas location, plaintiff performed a wide range of vocational nursing duties, with her niche for years having been elderly Alzheimer's nursing home patients.

8.      In October 2012, a former patient of plaintiff was returned to her care at the nursing home after rehabilitation for a broken hip.  Unknown to plaintiff, administrators had promised the patient's family that a non-skid mat would placed adjacent to the bed and a bed alarm installed in her bed so that if she tried to leave her bed without assistance the alarm would warn the staff.  Administrators did not place the bed alarm or mat, did not request either be placed as promised, and did not chart or otherwise order the

implementation or placement of either device. When plaintiff reported for the October 19, 2012 evening shift there was no bed alarm or mat for the patient and no orders or requests for plaintiff to place either one of them. In the early morning hours of that shift (early on October 20, 2012), an aide notified plaintiff that the patient was on the floor. Plaintiff went to the patient's assistance, assessed the patient (who assured plaintiff she was fine), helped the patient back into bed, and reported the fall and absence of the bed alarm and mat at the patient's bed to her Director of Nursing. The Director of Nursing promptly instructed plaintiff to tell the patient's daughter that the bed alarm and mat were present at the time of the fall. Plaintiff indicated she would not lie about the presence of the mat and bed alarm.

9. Plaintiff's shift ended at 6:00 a.m. on October 20. By 11:30 a.m., plaintiff was told that her schedule and patient care halls were going to be changed and that she was on a 30-day probationary period for not having told the patient's family what she was instructed to tell them. When plaintiff reported for her 10:00 p.m. shift at 9:30 p.m. on October 20, 2012, she was handed a paper that she was told was her new schedule and told to call the Director of Nursing. When plaintiff called the Director of Nursing, she was told that plaintiff's current assignment of Hall 5 was being taken from her and she was now assigned to Halls 2 and 3, which contained the sickest patients who were dying and/or on breathing treatments. Co-workers told plaintiff that they knew this would be too much for her to do but would help her as much as they could. Plaintiff's schedule was changed from 5 days on (Sunday through Thursday) and two days off (Friday and Saturday) to a rotating schedule of 4 days on and 2 days off. This change was an adverse and punitive employment action by defendant and effectively constituted constructive discharge

because defendant knew plaintiff would be unable to perform the newly assigned work. This action was taken in direct response and retaliation to plaintiff for reporting the lack of bed alarm and mat and the failure to comply with the agreement made with the patient's family to provide both a bed alarm and mat for the patient in direct violation of Section 260A.014 of Chapter 260 and Chapters 242 and 247 of the Texas Health Code and the regulations promulgated pursuant to said chapters.

10.     After defendant's facility switched from paper patient charting to computer patient charting, plaintiff went from being the facility's top patient charter and being used to train new employees on patient charting to having significant difficulties with the computerized patient charting.  Recognizing plaintiff's problems with computer charting because being in her seventies plaintiff had not grown up when computers were available, defendant's Director of Nursing asked plaintiff "Don't you think you need to retire?"  Plaintiff would not retire and opposed this discrimination by defendant.

11.     Plaintiff was an employee within the meaning of the ADEA, 29 U.S.C. §630(f), and the Texas Labor Code, Tex. Labor Code Ann. § 21.051, and belongs to the class of employees protected under the statutes, namely, employees over the age of 40.

12.     Defendant was an employer within the meaning of the ADEA, 29 U.S.C. §630(b), and the Texas Labor Code, Tex. Labor Code Ann.§ 21.002(8).

13.     Defendant intentionally discriminated against and harassed plaintiff because of her age in violation of the ADEA and Texas Labor Code by refusing to promote and ultimately terminating her employment by constructive discharge because of her age in order to replace her with a younger employee.

14. Defendant unlawfully retaliated against plaintiff because she opposed a practice made unlawful by the ADEA and the Texas Labor Code.  Plaintiff reported to defendant her opposition to unlawful discrimination and harassment based on age.  Plaintiff's opposition to the practice was a protected activity under Title VII, 42 U.S.C. §2000e-3(a).  The defendants subjected plaintiff to an adverse employment action by denying promotion and ultimately terminating her employment.  A causal link exists between the protected activity and the defendant's actions.  Any other reasons by defendant for the adverse employment actions are merely pretexts.

15. Defendant challenged plaintiff's entitlement to unemployment benefits and intentionally misinformed employees of the state agency that plaintiff had not been told she was placed on probation and that it was not defendant's policy to place employees on probation as a disciplinary action and had not done so in the past. Defendant claimed that plaintiff had provided inaccurate and incorrect information to the agency and had three different employees of defendant misrepresent these facts to the state agency, and constituted defamation resulting in plaintiff being ordered to repay unemployment benefits she had already received.

16. Under Texas legal standards:
    a. defendant published a statement of fact that referred to plaintiff;
    b. was defamatory;
    c. was false;
    d. defendant acted with either malice or negligence, or is subject to strict liability; and
    e. plaintiff suffered pecuniary injury and/or injury is presumed under the law.

Defendant is thus liable for damages for libel of plaintiff.

17. As a direct and proximate result of defendant's conduct, plaintiff has suffered damages and losses entitling her to the following remedies:

    a. Back pay, including that amount of wages and employment benefits plaintiff would have earned if she had not been subjected to defendant employer's unlawful conduct less any wages, unemployment compensation benefits, or worker's compensation benefits she received in the interim.  ("Employment benefits" include sick leave pay, vacation pay, profit sharing benefits, stock options, pension fund benefits, housing or transportation subsidies, bonuses, monetary loses incurred as a result of loss of health, life, dental, or similar insurance coverage.);

    b. Reinstatement;

    c. Front pay, if reinstatement is inappropriate.

    d. Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, expenses incurred in seeking other employment, and loss of enjoyment of life; and

    e. Compensatory damages in the future, which include economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

### G.  Attorney Fees

18. Plaintiff is entitled to an award of attorney fees (including expert fees) and costs under 42 U.S.C. § 12205 and/or Tex. Labor Code Ann.§ 21.259.

### H.  Additional or Exemplary Damages

19. In addition to the previously alleged damages (which plaintiff alternatively seeks) plaintiff seeks exemplary damages for defendant's malicious actions, clearly arising from ill will, reckless indifference, spite, evil motive and/or with a purpose to injure plaintiff.

### I.  Jury Demand

20. Plaintiff requests a trial by jury.

## J.  Prayer

21. For these reasons, plaintiff asks for judgment against defendant for the following:

   a. Reinstatement to her prior job and position;

   b. Back pay and front pay, including all employment benefits;

   c. Compensatory damages in the past, including emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

   d. Compensatory damages in the future, including economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

   e. Exemplary damages;

   f. Attorney fees and courts costs; and

   g. All other relief the Court deems appropriate, at law and in equity.

Respectfully submitted,

BUSH LEWIS, PLLC
595 Orleans Street, Suite 500
Beaumont, TX 77701
409/835-3521
409/835-4194 (Fax)

*/s/ Ken Lewis*

By: _____
Kenneth W. Lewis
Ken.L@bushlewis.com
Texas Bar #12295300
Stephen L. Townsend
Stephen.T@bushlewis.com
Texas Bar #24071539

ATTORNEYS FOR PLAINTIFF